Gary M. Zadick
James R. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana  59403
Telephone:  (406) 771-0007
Facsimile:   (406) 452-9360

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA ASSOCIATION OF COUNTIES PROPERTY AND CASUALTY TRUST,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS,<br><br>　　　　　　　Defendants. | Cause No. CV-19-196-DLC<br><br>**AMENDED COMPLAINT FOR BREACH OF CONTRACT and VIOLATIONS OF THE MONTANA UNFAIR CLAIMS PRACTICES ACT AND JURY DEMAND** |

COMES NOW Plaintiff and alleges as follows:

GENERAL ALLEGATIONS

1.     Plaintiff Montana Association of Counties Property and Casualty Trust consists of an Association of Montana Counties that formed a joint risk pool under §2-9-211 M.C.A. to provide a pooled fund for indemnification of its members against

1

liability claims.

2. As part of the protection it provides to its members, in addition to the pooled trust fund, the Association purchased reinsurance, as authorized by §2-9-211 M.C.A., through Defendants Certain Underwriters at Lloyd's, identified as Certificate No. PK1013217 and further identified as "Syndicate 2987 at Lloyd's". A true and correct copy of the Lloyds' Certificate is attached hereto as **Exhibit A**.

3. Plaintiff has sought reinsurance with respect to the settled liability claim of Paul Jenkins from Defendants pursuant to the terms of the policy and Defendants have refused. Plaintiff has tendered its limit to Defendants after Defendants failed and refused to participate in or indemnify Plaintiff regarding the companion suit of Freddie Joe Lawrence, and as set forth below, has violated the statutory obligations imposed on Defendants under the law of Montana and has refused to "follow the fortunes" of Plaintiff.

4. The amount in controversy, exclusive of fees and costs separately exceeds the sum of $75,000 with respect to the Lawrence suit and the Jenkins suit.

5. The Trust is incorporated under the laws of Montana and its principal place of business is in Helena, Montana.

6. Defendant Underwriters at Lloyds are not citizens of the State of Montana nor do they reside in the State of Montana. The Underwriters consist of members or persons who are known as "names" and who bind themselves severely

each for his own part, their heirs, executors and administrators to provide the assurance pursuant to the Certificate to Plaintiff.

7. Venue is proper since this action seeks to enforce a contract of reinsurance pertaining to an action filed in the Missoula Division of the District of Montana which is where a judgment would be obtained and where payment would be made.

## COUNT I BREACH OF CONTRACT

8. Plaintiff has reached a settlement of claims brought against its members, agents and employees by Paul Jenkins and his children Kenneth Jenkins and Crystal Combs in Missoula County. A true and correct copy of the Complaint filed on behalf of Jenkins is attached as Exhibit B. The Jenkins suit is a companion suit to one brought on behalf of Freddie Joe Lawrence. Exhibit C is a true and correct copy of the Amended Complaint filed on behalf of Lawrence.

9. Lawrence and Jenkins were convicted for the same crime and imprisoned in Montana as alleged in their suits, Exhibits B and C.

10. Pursuant to Article XI "Follow The Fortunes" the Certificate of Underwriters at Lloyd's expressly provides: "The liability of the Reinsurer shall follow that of the Reinsured, and shall be subject in all respects to all the terms, conditions and limitations of the Reinsured's Policies / Coverage Memorandum, except for the limitations and exclusions of this agreement."

11. Under the Indemnity Agreement issued by Plaintiff to its members, one of the coverages, Coverage H is "claims made coverage" which extends to wrongful acts, errors and omissions resulting in claims alleging deprivation of state constitutional rights, federal constitutional rights and civil rights guaranteed by statute. The Jenkins claim contains allegations that are covered under Coverage H and was made "…during the period of insurance and extended reporting periods and after the retroactive date, if applicable." Certificate, **Exhibit A**, Article III, Paragraph E. The Certificate does not define "Retroactive Date" and as quoted above, the contract only required that a claim be made *during the period of insurance and after the retroactive date* which was July 1, 2000.

12. The claims asserted in the underlying action and settled by Plaintiff include claims covered under Coverage H of the MACo Manuscript Indemnity Agreement which Defendant reinsures and expressly reinsured Coverage H which is claims made coverage responding to wrongful acts alleged to have resulted in violations of the United States Constitution, the Constitution of the State of Montana and statutes pertaining to civil rights. Despite demand, Defendants have refused to "Follow The Fortunes" of its reinsured and reimburse Plaintiff for indemnification it provided to its members in settlement of the claims brought by the Jenkins Plaintiffs.

13. Defendants also agreed pursuant to the Certificate, **Exhibit A**, Certificate Provisions, Paragraph 4 to submit to the jurisdiction of a court of competent

jurisdiction within the United States in the event of a failure of the Underwriters to pay any amount claimed to be due thereunder. Further, the Certificate also provides that the law of the State of Montana shall apply.

14. Despite demand, the Underwriters have failed to pay the amount claimed due thereunder with respect to the Jenkins settlement in the total sum of $2,650,000 and attorney fees and costs incurred in the defense of the action.

15. Despite demand, the Underwriters refused to participate in settlement of the Lawrence suit and failed to offer any amount even after the Plaintiff offered its limit. Underwriters also failed to respond or confirm that they would pay their indemnity obligations under the Agreement after tender of Plaintiff's limit to Underwriters.

16. Defendants have breached the contract by failing and refusing to pay reinsurance benefits due under the Agreement.

## COUNT II VIOLATIONS OF THE MONTANA UNFAIR TRADE PRACTICES ACT

17. Plaintiff incorporates the allegations of Paragraphs 1- 16.

18. Underwriters are subject to the statutory obligations of an insurer under Montana law enumerated in 33-18-201 M.C.A. including the duty to affirm or deny coverage within a reasonable time, the duty to not misrepresent coverage, including misrepresentations by omission or failure to respond, the duty to not refuse to pay a

5

claim without conducting a reasonable investigation, the duty to attempt in good faith to effectuate a prompt, fair and equitable settlement when liability is reasonably clear, the duty to not compel insureds to file suit to recover amounts due under a policy and the duty to provide a reasonable explanation of the basis in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

19. Underwriters violated each of these statutory obligations to Plaintiff with respect to the Jenkins suit and the Lawrence suit.

20. Underwriters' violations of Montana law give rise to these extra-contractual tort claims.

Wherefore, Plaintiff prays as follows:

1. For recovery of the sum of $2,650,000 and attorney fees and costs, together with prejudgment and post judgment interest thereon as allowed by law until paid to reimburse MACo for the Jenkins settlement and for the ongoing defense costs being incurred by MACo in the Lawrence litigation;

2. For recovery of all tort damages allowed by law for the statutory violations by Defendants of 33-18-201 and 242 M.C. A.;

3. For recovery of costs and attorney fees herein as allowed by law;

4. For such other and further relief as may be just, reasonable and necessary.

DATED this 27th day of August, 2020.

                                UGRIN ALEXANDER ZADICK, P.C.

                By:  /s/Gary M. Zadick
                       Gary M. Zadick
                       #2 Railroad Square, Suite B
                       P.O. Box 1746
                       Great Falls, Montana 59403
                       *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demand a trial by jury on all issues so triable.

DATED this 27th day of August, 2020.

        UGRIN ALEXANDER ZADICK, P.C.

        By:  /s/Gary M. Zadick
             Gary M. Zadick
             #2 Railroad Square, Suite B
             P.O. Box 1746
             Great Falls, Montana  59403
             *Attorneys for Plaintiff*